UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| LUTRON ELECTRONICS CO., INC., | : : | |
| Plaintiff, | : : | Before: Richard K. Eaton, Judge |
| v. | : : : | Court No. 22-00264 |
| UNITED STATES, | : : | |
| Defendant. | : : : | |

# ORDER

Before the court is the motion to compel of Plaintiff Lutron Electronics Co., Inc. ("Plaintiff" or "Lutron"), an importer of window shade machines. *See* Pl.'s Mot. Compel, ECF No. 22, and Pl.'s Exs. A-I, ECF Nos. 22-2 to 22-10. Defendant the United States ("Defendant") opposes the motion. *See* Def.'s Resp. ECF No. 29; Def.'s Exs. 1-3, ECF Nos. 29-1 to -3.

Following a teleconference with the court, and subsequent negotiation by the parties, the parties have informed the court that they are unable to resolve their dispute regarding Defendant's assertion of the deliberative process privilege with respect to redacted information in U.S. Customs and Border Protection's ("Customs") internal documents (the "subject documents").[1] *See* Def.'s Ex. 3 (copies of subject documents in redacted form); Status Report (March 4, 2024), ECF No. 36; *see also* Def.'s Resp. Ex. 3, ECF No. 29-3.

---

[1] Customs has asserted the privilege with respect to sixty-one documents. *See* Def.'s Ex. 2 (Kiple Decl.) at Ex. A (privilege log). "The documents consist primarily of emails containing information and analysis regarding the classification of the merchandise and were generated before the issuance" of two ruling letters that concern Plaintiff's imported window shade machines: NY N010048 (dated May 3, 2007) and HQ H312768 (dated January 11, 2022). *See* Def.'s Resp. at 12; Pl.'s Exs. A & B. The explanation for the assertion of the privilege for each document is stated in the privilege log and declaration of Alice A. Kipel, Executive Director, Regulations and Rulings, in Customs' Office of Trade, which was incorporated by reference into Defendant's response brief. *Id.*

The parties dispute (1) whether the deliberative process privilege applies to the subject documents; and (2) if the privilege does apply, whether Plaintiff has overcome the privilege, i.e., by showing the need for (including the relevance of) the subject documents, in unredacted form, that outweighs Customs' interest in non-disclosure.

Plaintiff claims that its imported window shade machines should not be classified either under Harmonized Tariff Schedule of the United States ("HTSUS") heading 6303 ("Curtains (including drapes) and interior blinds") or heading 3925 ("Builders' ware of plastics, not elsewhere specified or included") "because they exceed the scope of both provisions and are properly provided for elsewhere in the tariff schedule subheading."[2] Compl. ¶ 11. Rather, Plaintiff insists that the window shade machines "are properly classified under subheading 8479.89.95, HTSUS, which provides for 'machines and mechanical appliances having individual functions, not specified, or included elsewhere in this chapter: . . . [o]ther machines and mechanical appliances: . . . other: . . . other'." *Id.*

Plaintiff believes that two ruling letters are important to its case: NY N010048 (dated May 3, 2007) and HQ H312768 (dated January 11, 2022). Plaintiff imported the window shade machines under HTSUS heading 8479 for more than a decade, pursuant to ruling letter NY N010048, which provided that the applicable HTSUS subheading was 8479.89.9897, covering "machines and mechanical appliances having individual functions, not specified or included

---

[2] According to Plaintiff's complaint, Customs classified the imported window shade machines under subheading 6303.92.2030 ("Curtains (including drapes) and interior blinds; curtain or bed valances: Other: Of synthetic fibers: Other: Window shades and window blinds") and subheading 3925.30.1000 ("Builders' ware of plastics, not elsewhere specified or included: Shutters, blinds (including venetian blinds) and similar articles and parts thereof: Blinds (including venetian blinds)"). Compl. ¶ 10. Plaintiff also contests Customs' assessment of certain of the shade machines at issue with additional duties pursuant to Section 301 under HTSUS subheading 9903.88.15. *Id.* For Plaintiff, "because the origin of each shade machine at issue is Mexico, none is subject to Section 301 duties under Heading 9903, HTSUS." *Id.* ¶ 13.

elsewhere in chapter 84: other machines and mechanical appliances: other: other: other: other." Pl.'s Ex. A; *see* Pl.'s Mot. Compel at 3. The applicable rate of duty was 2.5% ad valorem. *See* Pl.'s Ex. A. In 2022, Customs modified this ruling by issuing HQ H312768, determining that the window shade machines were classifiable under HTSUS heading 6303. As a result of the change in classification, the window shade machines were not only subject to an increase in general duties but also became subject to Section 301 duties. *Id.*

Generally, discoverable material is "any nonprivileged matter that is relevant to any party's claim." USCIT R. 26(b)(1). At issue here is the deliberative process privilege, which "protects intra-governmental pre-decisional documents" that are "deliberative," i.e., "'reflect[] advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions are formulated.'" *Ford Motor Co. v. United States*, 94 Fed. Cl. 211, 217 (2010) (first quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, (1975); and then citing *Jade Trading, LLC v. United States*, 65 Fed. Cl. 487, 493 (2005)). As the *Ford* Court explained: "To qualify as *pre-decisional*, the information must address matters antecedent to the adoption of agency policy. Additionally, to be *deliberative*, a document must reflect the give-and-take of the consultative process, rather than constituting a body of secret law." *Id.* at 217-18 (cleaned up) (citations omitted) (emphasis added).

The deliberative process privilege is not absolute and "can be overcome upon a showing of evidentiary need weighed against the harm that may result from disclosure." *Id.* at 218; *see Kaiser Aluminum & Chem. Corp. v. United States*, 141 Ct. Cl. 38, __, 157 F. Supp. 939, 946 (1958).

Thus, should a court find that the disputed documents are pre-decisional and deliberative, and that therefore the privilege applies, it must then determine "whether a plaintiff's need

outweighs the harm of disclosure to the government." *Ford*, 94 Fed. Cl. at 218. Courts frequently consider five factors when making this assessment: "1) the relevance of the evidence sought to be protected; 2) the availability of other evidence; 3) the 'seriousness' of the litigation and the issues involved; 4) the role of the government in the litigation; and 5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* at 218-19 (citations omitted).

The *Ford* case is instructive with respect to two of the questions in this case: (1) whether the information sought by Plaintiff is pre-decisional and deliberative, and thus, privileged, and (2) whether Plaintiff has overcome the privilege by a showing of "the relevance of the evidence sought to be protected." *Ford*, 94 Fed. Cl. at 218. In *Ford*, the plaintiff Ford Motor Co. sought to compel the IRS to produce internal documents relating to the development of a revenue ruling letter (Revenue Ruling 2004-109). The plaintiff claimed that the documents were "relevant to whether this revenue ruling [was] entitled to any deference" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Id.* at 217.

The *Ford* Court first found that the requested documents were pre-decisional and deliberative, and therefore, privileged. The privileged documents included, e.g., those that "discussed" Ford's or other automakers' administrative refund claims. *Id.* at 218. The plaintiff also requested documents that "discuss, consider, articulate, justify, criticize, or explain the decision to apply that ruling prospectively to some taxpayers and retroactively to others." *Id.*

Then the *Ford* Court considered whether the plaintiff's asserted need for the privileged documents—"to demonstrate that [the revenue ruling] merits little or no [*Skidmore*] deference from the Court"—outweighed the IRS's interest in non-disclosure. The Court found that Ford had "not articulated a sufficient need for deliberative documents to demonstrate what deference should

be afforded to [the ruling letter]." *Id.* at 220. Important to the Court's ruling was that "[a]pplying the *Skidmore* factors in this case does not require consideration of internal government deliberations." *Id.* at 219. Rather, "[a]n evaluation of both 'the thoroughness evident in [the Revenue Ruling's] consideration' and 'the validity of [the Revenue Ruling's] reasoning' ought to be apparent from the Revenue Ruling itself and relevant precedent." *Id.* The Court also noted that revenue rulings "merely represent the position of the United States and do not bind this court." *Id.* at 220. Ultimately, the court found that the plaintiff could not demonstrate a need that overcame the privilege.

Here, Plaintiff insists that the subject documents are relevant because they reveal "the analyses underlying both decisions," including analysis of the "essential character" of the merchandise at issue:

> [Customs] issued two rulings on the merchandise at issue. In the first ruling [Customs] determined that Lutron's shade machines were classified under Heading 8479, HTSUS, which covers machines and other mechanical appliances, the same classification that Lutron advances in this action. Then, more than a decade later, [Customs] issued the Modification Ruling determining that the shade machines are classifiable under Heading 6303, HTSUS, which covers curtains and interior blinds. Of further note, in the Modification Ruling, [Customs] claimed that both rulings were based upon a GRI 3(b) essential character analysis. It should be beyond any reasonable dispute that *the analyses underlying both decisions*, along with any associated documents, are *highly relevant* in this action and, absent a valid and enforceable privilege, discoverable.

Pl.'s Mot. Compel at 4.

The court wonders if "the analyses underlying both decisions" is "highly relevant" or indeed relevant at all.

As an initial matter the court is inclined to find that the subject documents are pre-decisional and deliberative based on Customs' privilege log and declaration. On behalf of Customs, Alice A. Kipel, Executive Director, Regulations and Rulings, in Customs' Office of

Trade, reviewed the documents in the privilege log (exhibit A to the declaration) and asserted the deliberative process privilege on behalf of Customs with respect to the redacted portions of each document. *See* Kipel Decl. ¶¶ 10-12. As with the documents sought to be discovered in *Ford*, the subject documents here "contain internal pre-decisional analysis, expressions of opinion, mental impressions, advice and recommendations submitted for consideration between and among personnel within [Customs] as part of the decision-making process." *Id.* ¶ 10. According to the declaration, "[t]hese documents, if disclosed in full, would reveal [Customs] pre-decisional analysis, drafts, suggestions, thoughts, views and mental impressions, and would impede the free flow of essential advice, opinion, and recommendations necessary for effective agency decisionmaking." *Id.* ¶ 12. It thus appears the documents are privileged.

Next, the court questions whether Plaintiff has stated a sufficient need for the subject documents—that is, whether Plaintiff has shown enough to defeat the privilege. Plaintiff argues:

> Lutron is entitled to probe the factual and legal bases of NY N010048 and [HQ H312768 (the "Modification Ruling"), which modified NY N010048] and the reasoning for the differing classification determinations. Such is critical not only to fully depose the government's witnesses but also in the overall preparation of the case for presentation to this Court including a rebuttal to any governmental assertion that the Modification Ruling is *entitled to deference*.

Pl.'s Mot. Compel at 14 (emphasis added). Thus, Plaintiff's alternate position is that, as in *Ford*, it needs the subject documents to defeat any claim of *Skidmore* deference for the ruling letters concerning the correct classification of the imported shading systems.

Should Defendant claim deference for the ruling letters,[3] the court would consider the claim based on the ruling letters' "power to persuade." *Skidmore*, 323 U.S. at 140. The court would base

---

[3] Defendant has represented that, "notwithstanding the soundness of the reasoning in HQ H312768, as a legal matter, we do not intend to seek deference to the ruling." Def.'s Resp. at 13.

its holding on the words of the ruling letters alone, and not on any conversations, emails, or deliberations that led to the words found in the ruling letters. This is what *Skidmore* directs. *See id.* ("The weight of [the informed] judgment [in "the rulings, interpretations and opinions of the Administrator"] in a particular case will depend upon the *thoroughness evident in its consideration*, the *validity of its reasoning*, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." (emphasis added)).

Moreover, "[w]hile the court affords deference to Customs' classification rulings relative to their 'power to persuade,' it has 'an independent responsibility to decide the legal issue of the proper meaning and scope of the HTSUS terms.'" *ME Glob., Inc. v. United States*, 47 CIT __, __, 633 F. Supp. 3d 1349, 1356 (2023) (first citing *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001) (quoting *Skidmore*, 323 U.S. at 140); and then citing *Warner-Lambert Co. v. United States*, 407 F.3d 1207, 1209 (Fed. Cir. 2005)). Thus, as with the IRS revenue rulings in *Ford*, Customs ruling letters do not bind the court here. It is "the court's duty to find the *correct* result, by whatever procedure is best suited to the case at hand." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984) (emphasis in original).

The court thus finds it difficult to credit Plaintiff's "need" argument because any consideration of *Skidmore* deference will not require, or even permit, the consideration of deliberations resulting in the ruling letters. Customs' ruling letters are not binding on the court, and Customs' classification decision is subject to de novo review. Indeed, it does not appear to the court that they are even relevant. In other words, it is hard to see how the documents, in unredacted form, that Plaintiff asks the court to compel Defendant to produce would be relevant to the court's consideration of any claim that *Skidmore* deference should apply to Customs' prior rulings, or to

the ultimate determination of the correct classification of the subject shading systems. Indeed, the *Ford* Court came to a similar conclusion, finding that it would consider only the revenue ruling itself to evaluate the IRS's reasoning. *Ford*, 94 Fed. Cl. at 219 (citing *Amoco Prod. Co. v. U.S. Dep't of Energy*, No. 78-463, 1979 U.S. Dist. LEXIS 12103 at *5 (D. Del. May 29, 1979) (stating that "the first two elements of the *Skidmore* teaching can be ascertained by reference to the agency interpretations themselves and their articulated rationales")). For the *Ford* Court, "consideration of internal government deliberations" was not required. *Id.*

Should Plaintiff continue to maintain that it should get the subject documents in unredacted form, the court will give it one more chance to make its case. Accordingly, it is hereby

**ORDERED** that on or before April 9, 2024, Plaintiff will submit a supplemental brief to the court explaining how its demand for the subject documents fits into the holdings of *Ford Motor Co. v. United States*, 94 Fed. Cl. 211, 217 (2010), particularly in light of the court's view that how Customs arrived at its classification rulings has no bearing on the court's holding with respect to either *Skidmore* deference or the ultimate determination of the correct classification of the subject shading systems. Defendant may file a response on or before April 23, 2024. Neither brief shall exceed ten pages.

          /s/ Richard K. Eaton
          Judge

Dated:     March 26, 2024
          New York, New York